IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN CENTENO-MARTINEZ | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-3593 |
| | : | |
| J.L. JAMISON, et al. | : | |

**ORDER**

AND NOW, this 4th day of December, 2025, upon consideration of the evidence and testimony presented at the bond hearing on December 3, 2025, it is **ORDERED**:[1]

1. The Government shall **RELEASE** Petitioner Juan Centeno-Martinez immediately, subject to these conditions:

    a. Petitioner must not violate federal, state, or local law while on release.

---

[1] At the bond hearing, the Government bore the burden of proof by a clear and convincing evidence. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020). The core considerations of the bond decision are: (1) danger to community safety; and (2) risk of flight. *Matter of Patel*, 15 I. & N. Dec. 666, 666 (BIA 1976) ("[A noncitizen] generally is not and should not be detained or required to post bond except on a finding that he is a threat to the national security or that he is a poor bail risk."); 8 C.F.R. § 1236.1(c)(8) (requiring assessment of danger to property or persons and likelihood of appearance). Other commonly considered factors include: (1) whether the noncitizen has a fixed address; (2) length of residence; (3) family ties and community support; (4) employment history; (5) record of appearance in court; (6) criminal history; (7) history of immigration violations; and (8) rehabilitation and behavior while in custody. *See, e.g.*, *In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006); *Matter of Siniauskas*, 27 I. & N. Dec. 207, 207–10 (BIA 2018).

   The Government's showing of current dangerousness rested on a two-decade-old guilty plea and an old parole violation. The record suggests that the parole violation was technical and did involve new criminal conduct. Mr. Centeno's 2024 charges were formally dismissed, and the named victim strongly denies wrongdoing by Mr. Centeno. The Government failed to show any evidence of behavioral issues by Mr. Centeno while in DHS custody. Further, the record shows Mr. Centeno has deep, long-standing ties to New Jersey and Pennsylvania. He is a Lawful Permanent Resident who has lived here since he was five years old. His immediate family and extended family reside here. He also has a long history of appearing for immigration hearings and complying with proceedings. On this record, the Government did not meet its burden.

b. Petitioner must advise the Court and immigration officials in writing before making any change of residence or telephone number. Petitioner must appear as required and, if ordered removed, must surrender as directed for removal and deportation.

c. Petitioner is placed in the custody of Angela Centeno, 693 Summit Avenue, Jersey City, NJ 07306, (551) 328-3282. Angela Centeno agrees to supervise Petitioner, use every effort to assure Petitioner's appearance at all proceedings, and notify the Court immediately if Petitioner violates a condition of release or is no longer in the custodian's custody.

d. Petitioner shall be supervised by DHS while on release. DHS may impose electronic monitoring as it deems appropriate. Petitioner may be required as part of that supervision to report in person on a monthly basis to designated DHS authorities and must not possess a firearm, destructive device, or other weapon.

e. Petitioner may not use or unlawfully possess any narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

f. Petitioner must submit to testing for prohibited substances if required by the supervising immigration officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Petitioner must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

    g. The Government cannot set additional conditions outside of the conditions outlined in this Order without approval from the Court.

    h. Violation of the foregoing conditions of release may result in the immediate issuance of a warrant for Petitioner's arrest, a revocation of Petitioner's release, an order of detention, or prosecution for contempt of court, and could result in imprisonment, a fine, or both.

2. The Government shall certify compliance with this Order by filing a certification of compliance on the docket no later than 5:00 P.M. EST on December 5, 2025.

3. Petitioner shall acknowledge the conditions of release by filing a signed acknowledgement on the docket no later than 5:00 P.M. EST on December 5, 2025.

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.